UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

DERRICK JAMES WILLIAMS,

      Petitioner,               <u>TRANSFER ORDER</u>

  -against-                 03-CR-0059 (CBA)

UNITED STATES OF AMERICA,

      Respondent.

------------------------------X
AMON, UNITED STATES DISTRICT JUDGE:

On February 23, 2005, defendant Derrick James Williams, proceeding <u>pro se</u>, petitioned this Court for recalculation of his jail time credits. The Court is not the appropriate district in which to bring this petition, as Williams is presently detained within the Western District of Pennsylvania and such challenges to an inmate's physical confinement must be brought in the district of confinement.[1] See <u>Rasul v. Bush</u>, 124 S.Ct. 2686, 2692 (2004) (quoting 28 U.S.C. § 2241(a)) ("Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any

---

[1] Although respondent suggests that Williams' request could be construed as a downward departure motion, Williams' correspondence to the Court does not support such a reading. In any event, if Williams did intend to bring a downward departure motion at this time, that request would be dismissed as untimely. <u>See generally</u> <u>U.S. v. Hurtado</u>, 47 F.3d 577, 585 (2d Cir. 1995) (failure to raise a request for downward departure at sentencing waives the right to raise such a claim on appeal).

person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'"); Rumsfeld v. Padilla, 124 S.Ct. 2711, 2722 (2004) (affirming the longstanding rule that writs of habeas corpus designed to relieve an individual from oppressive confinement are issuable only in the district of confinement). The appropriate respondent for Williams' claim is the warden of the facility where he is being held — i.e., the United States Penitentiary (USP) Allenwood. Padilla, 124 S.Ct at 2718. Accordingly, the Clerk of the Court is directed to transfer Williams' petition to the Western District of Pennsylvania as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and to close the case.

    SO ORDERED.

Dated:    Brooklyn, New York
           August 5, 2005

                                          Carol Bagley Amon
                                          United States District Judge